Ms. Camille Steadman Thompson Staff Attorney City of Bentonville
117 West Central Avenue Bentonville, Arkansas 72712
I am writing in response to your request, made under A.C.A. § 25-19-105(c)(3)(B), for my opinion as to whether the custodian's decision to release certain employment records of a former City of Bentonville police officer is consistent with the Arkansas Freedom of Information Act ("FOIA", A.C.A. §§ 25-19-101 — 109 (Repl. 2002 and Supp. 2009)). You have provided a copy of the FOIA request, which seeks particular employment records and correspondence pertaining to the former officer who was terminated on April 8, 2009. You have also provided copies of the records that the custodian intends to release in response to the request, reportedly with the redactions the custodian intends to make prior to the records' release.
RESPONSE:
In my opinion, the custodian's decision is not entirely consistent with the FOIA. As is typical with employment-related records, some of the records are properly classified as "personnel records" for purposes of the FOIA and some are properly classified as "employee evaluation or job performance records" under the act. I will set out below the relevant tests regarding "personnel records" and "employee evaluation or job performance records" under the act, and I will indicate with as much specificity as possible the respects in which the custodian's decision is not consistent with the FOIA.[1] To summarize at this point, the custodian has in my *Page 2 
opinion properly decided to release most of the records that you have enclosed. However, there are a number of items encompassed within the personnel records that the custodian has failed to redact pursuant to the FOIA or other specific law. Additionally, with regard to at least one of the records that appears to be an evaluation or job performance record, I believe certain specific redactions are probably necessary to comply with the constitutional right to privacy. The custodian is proposing, moreover, to release some job performance records that are not subject to release under the applicable test because they did not form a basis for the former officer's termination. Finally, one record is subject to a separate, specific exemption in the law, and one personnel record is in my opinion exempt from disclosure.
I should also note as a preliminary matter that this opinion is limited to reviewing the custodian's decision with respect to the release of employee evaluation/ job performance records and personnel records. My duty in this regard arises after the records have been located or identified in response to the FOIA request. I am not authorized or required to advise the custodian regarding the initial selection of responsive documents. E.g., Op. Att'y Gen. 2006-158.
DISCUSSION:
The FOIA provides for the disclosure upon request of certain "public records," which the Arkansas Code defines as follows:
 "Public records" means writings, recorded sounds, films, tapes, electronic or computer-based information, or data compilations in any medium, required by law to be kept or otherwise kept, and which constitute a record of the performance or lack of performance of official functions which are or should be carried out by a public official or employee, a governmental agency, or any other agency wholly or partially supported by public funds or expending public funds. All records maintained in public offices or by public employees within the scope of their employment shall be presumed to be public records.
A.C.A. § 25-19-103(5)(A) (Supp. 2009). *Page 3 
Given that the subject of the request is a former city employee, the records are presumed to qualify as "public records" under this definition. As I stated in Op. Att'y Gen. 2007-013 the "records of former employees that are maintained by a public agency are subject to the FOIA." Id. at 5 (relying on Op. Att'y Gen. 2006-182 and summarizing previous opinions concluding that the FOIA's "personnel records" provisions apply to former employees.)[2]
As my predecessor noted in Op. Att'y Gen. No. 1999-305: "If records fit within the definition of `public records' . . ., they are open to public inspection and copying under the FOIA except to the extent they are covered by a specific exemption in that Act or some other pertinent law." It appears that the relevant FOIA exemptions regarding the particular records at issue are the ones for "personnel records" and "employee evaluation/job performance records" within the meaning of the FOIA. It is important for the custodian of the records to classify the records correctly because the standards for releasing these two types of records differ.
Although the FOIA does not define the term "personnel records," this office has consistently taken the position that "personnel records" are any records other than employee evaluation or job performance records (discussed below) that relate to an individual employee. E.g., Op. Att'y Gen. Nos. 2006-111; 2006-038; 2006-035; 2004-178; 2003-336; 2003-055; 2002-085; 2001-154; 99-147. *Page 4 
Under the relevant statute, A.C.A. § 25-19-105, "personnel records" are open to public inspection and copying, except "to the extent that disclosure would constitute a clearly unwarranted invasion of personal privacy." Id. at (b)(12) (Supp. 2009).
The FOIA does not define the phrase "clearly unwarranted invasion of personal privacy." However, the Arkansas Supreme Court has construed the phrase. In determining which disclosures constitute a "clearly unwarranted invasion of personal privacy," the court applies a balancing test. The court will weigh the interest of the public in accessing the records against the individual's interest in keeping the records private. See Young v. Rice,308 Ark. 593, 826 S.W.2d 252 (1992). If the public's interest outweighs the individual's interest, the release of the records will not constitute a "clearly unwarranted invasion of personal privacy." If there is little public interest in the information, the privacy interest will prevail if it is not insubstantial. Stilley v.McBride, 332 Ark. 306, 965 S.W.2d 125 (1998).
With regard to the privacy side of the balancing test, the Arkansas Supreme Court has stated, relying on federal decisions, that there is a substantial privacy interest in records revealing the intimate details of a person's life, including any information that might subject the person to embarrassment, harassment, disgrace, or loss of employment or friends. Stilley, supra,332 Ark. at 311. With regard to the public interest side of the balancing test, the court in Stilley also discussed with approval an aspect of the balancing test used in Department ofDefense v. FLRA, 510 U.S. 487 (1994), which held that the Court's duty was to weigh the privacy interest of the employees at issue therein against the only relevant public interest in the FOI balancing analysis — the extent to which disclosure of the information sought would "shed light on an agency's performance of its statutory duties" or otherwise let citizens know "what their government is up to." Stilley, 332 Ark. at 312, quotingFLRA at 497.
The question of whether the release of any particular personnel record would constitute a clearly unwarranted invasion of personal privacy is always a question of fact. Op. Att'y Gen. Nos. 2004-260; 2003-336; 2003-201; 2001-101; 98-001.
"Employee evaluation or job performance records," on the other hand, according to numerous opinions of this office, are any records that were created by or at the behest of a supervisor in the course of evaluating or recording the job performance *Page 5 
of individual employees. E.g., Op. Att'y Gen. 2008-078 (and opinions cited therein). Evaluation or job performance records are releasable only if the following three conditions have been met:
 1. There has been a final administrative resolution of any suspension or termination proceeding;
 2. The records in question formed a basis for the decision made in that proceeding to suspend or terminate the employee; and
 3. There is a compelling public interest in the disclosure of the records in question.
A.C.A. § 25-19-105(c)(1) (Supp. 2009).
Evaluation or job performance records cannot be released unless each prong of this test has been met.
THE RECORDS:
Both types of records — "personnel records" and "employee evaluation and job performance records" — of the officer in question are enclosed with your request. With the exception of the "Memorandum" dated March 12, 2009, the performance appraisals, and the documents relating to the former officer's termination (including correspondence and memoranda dated April 8, 2009), the records appear to be personnel records according to the above discussion of this category of records.[3] Although the custodian's decision to release the personnel records is in my opinion generally consistent with the FOIA, I note that the social security number is the only information that has been redacted from the records. This redaction is clearly proper. See Op. Att'y Gen. 2009-134 (and opinions cited therein). In my opinion, however, several additional redactions throughout the records are required. These redactions must be made to comply with specific exemptions in the FOIA (such as the exemption for home addresses); or with A.C.A § 25-19-105(b)(12) (requiring redaction of items in personnel records *Page 6 
giving rise to a clearly unwarranted invasion of personal privacy); or with other state or federal law under the so-called "catch-all" exemption that incorporates exemptions contained in "laws specifically enacted to provide otherwise." A.C.A § 25-19-105(a)(1)(A). Such redactions must include:
 • References to any other employee, or that employee's family/personal life, in the March 6, 2009 letter, based on the balancing test under A.C.A. § 25-19-105(b)(12), discussed above.
 • Home address of the former employee appearing throughout the records you have enclosed, based on A.C.A. § 25-19-105(b)(13) (Supp. 2009), which exempts from public inspection and copying "[h]ome addresses of nonelected state employees, nonelected municipal employees, and nonelected county employees contained in employer records, except that the custodian of the records shall verify an employee's city or county of residence or address on record upon request . . ." See Op. Att'y Gen. Nos. 2008-163; 2008-138.
 • Home telephone numbers (see Op. Att'y Gen. Nos. 2005-202; 2003-115; 2002-087).
 • Personal e-mail address (see Op. Att'y Gen. 2004-225).
 • Date of birth (see Op. Att'y Gen. Nos. 2007-064; 2005-160).
 • Driver's license number (see Op. Att'y Gen. Nos. 2008-138; 2005-194).
 • Marital status and information about family life, including names of family members. This office has consistently opined that information concerning marital status is not disclosable under the A.C.A. § 25-19-105(b)(12) balancing test. E.g., Op. Att'y Gen. Nos. 2006-176; 2001-080; 1998-152; 98-001.
 • Personal financial information, insurance coverage, and benefit information, including payroll deductions (see Op. Att'y Gen. 2002-043, noting the position taken by this office that "when th[e] [25-19-105(b)(12)] balancing test is applied to personal financial information concerning items such as insurance coverage and retirement benefits, the balance most often *Page 7 
tips in favor of the individual's privacy interest in this information, and it should therefore be kept private."). See also
Op. Att'y Gen. 98-126 (regarding payroll deductions.
 • Medical records, including any letters from doctor's offices containing medical information; and employment-related records containing medical information (see Op. Att'y Gen. Nos. 2001-091; 2001-080; 2000-226). Note: One such letter appears to be included in the March 12, 2009 "Memorandum," which is discussed further below.
 • Certain Employment Security Department records, pursuant to A.C.A. § 11-10-314 (a) (see Op. Att'y Gen. Nos. 2004-037; 2003-073; 2001-040). Note: This includes the April 13 "Memorandum for the Record" (see Op. 2003-073).
It is the custodian's task to identify these items or records and redact them prior to the records' release. With regard to the remaining records, it appears that these records constitute "employee evaluation or job performance records." This assumes, as discussed generally above, that the records were in fact created by or at the behest of the employer in the course of evaluating or recording the employee's job performance.
It is my opinion as a general matter that the custodian has properly decided to release the March 12 Memorandum and the records relating to the former officer's termination, which include correspondence and memoranda dated April 8, 2009. All three conditions for the release of these evaluation or job performance records appear to be met. I assume a final administrative resolution of the termination has occurred; and the records plainly formed a basis for the termination. See generally Op. Att'y Gen. 2005-175 ("This office has concluded on various occasions that any document up to and including a notice of suspension or termination that details the reasons for the disciplinary action should be deemed to have `formed a basis' for that action.'"). Regarding the final condition for the records' release ("compelling public interest" in disclosure), I note that the records reflect allegations of serious misconduct in violation of Department policies and procedures directly related to the former officer's significant primary duties. In my opinion, the public interest in discovering the nature of these violations is particularly strong.Accord Op. Att'y Gen. 1997-400 (observing that "the nature of the problem that led to the suspension compels disclosure in this instance where *Page 8 
the activities detailed in the records violated administrative rules and policies aimed at conduct which could undermine the public trust and/or compromise public safety[,]" citing J. Watkins, THE ARKANSAS FREEDOM OF INFORMATION ACT 135 (2nd ed. 1994) (discussing the "compelling public interest" question).
I therefore conclude that the conditions for release of these job performance records under the FOIA have been met. In my opinion, however, certain redactions must be made from the March 12, 2009 memo. As I have previously noted, there is no statutory requirement similar to A.C.A. § 25-19-105(b)(12) for "redacting" portions of employee evaluation or job performance records to prevent "clearly unwarranted invasion[s] of personal privacy." See Op. Att'y Gen. 2009-021. However, our court has recognized that theconstitutional right of privacy can supersede the specific disclosure requirements of the FOIA, at least with regard to the release of documents containing constitutionally protectable information. Id., citing McCambridge v. City of LittleRock, 298 Ark. 219, 766 S.W.2d 909 (1989) (discussing the type of information that is shielded under the constitutional Fourteenth Amendment "right to privacy.") In my opinion, the constitution likely shields the various references throughout the March 12 memo to the former officer's personal, emotional issues, including references of a medical nature, under the assumption that these are "personal matter[s]" that are not of public record.See McCambridge, supra, 298 Ark. at 230. All references to personal matters relating to other individuals, including names, should in my opinion also be deleted. Cf. Op. Att'y Gen. 2007-311 (recognizing that "any party who may be identified from any of the requested records may have a constitutionally-protected privacy interest in those records."). It is my opinion that the privacy interest in nondisclosure of these personal matters likely outweighs any governmental interest in disclosure. Id. See also Op. Att'y Gen. 93-356 (concluding that an individual's name should be excised prior to the release of a job performance record that contained information constituting a "personal matter" under the McCambridge test).
As a final matter regarding the evaluation/job performance records provided with your request for my opinion, it must be recognized that any such records failing to meet the FOIA's threshold "suspension or termination" requirement, discussed above, are exempt from disclosure under the act. This would appear to be the case with respect to the performance appraisal forms that you have submitted. As this office has previously observed, exemptions under the FOIA appear to be mandatory rather than permissive. Op. Att'y Gen. 99-334 (and opinions cited *Page 9 
therein). Accordingly, the custodian does not have discretion to make available to the public those records that fall within an exemption. See J. Watkins R. Peltz, THE ARKANSAS FREEDOM OF INFORMATION ACT 99 (m m Press, 4th ed. 2004) (citing A.C.A. § 25-19-105(b), which states that "[i]t is the specific intent of this section that the [enumerated records] shall not be deemed to be made open to the public.") Although the result of this state of the law with reference to the documents you have enclosed is that certain records reflecting unfavorable job performance may be releasable, and documents reflecting favorable job performance are not releasable, I will note, as have my predecessors, that this rule is mitigated by the fact that the former employee has access to his or her own personnel and evaluation records under A.C.A. § 25-19-105(c)(2). E.g., Op. Att'y Gen. Nos. 99-041; 96-257. The former employee may thus release any favorable records himself if he or she chooses to do so.Id. It has also been observed in this regard that a person whose rights are protected by an exemption under the FOIA may consent in writing to the disclosure, in which case the records may be released. THE ARKANSAS FREEDOM OF INFORMATION ACT,supra at 100 (citing Op. Att'y Gen. Nos. 99-334, 91-374, and 80-50.)
CONCLUSION:
In conclusion, therefore, although the custodian has in my opinion properly decided to release most of the records in question, there are several instances, detailed above, where the custodian's decision is inconsistent with the FOIA. This includes redactions that the custodian has failed to make, as noted above, as well as several records that are exempt in their entirety. All records that are subject to release should be reviewed carefully prior to their release to identify exempt information.
Deputy Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
DM:EAW/cyh
[1] Because my conclusion is that at least some of the records should be properly withheld from public disclosure or redacted under the FOIA, I must necessarily be somewhat circumspect in my description of them in a published opinion from this office.
[2] Section 25-19-103(5)(A) establishes a presumption that all records kept in public offices by public employees within the scope of their employment are "public records." The presumption may be rebutted, however, with evidence that the records do not "reflect the performance or lack of performance of official functions." A.C.A. § 25-19-103(5)(A). This is a fact question that can only be answered after a review of the actual content of the records and after consideration of any other pertinent facts. This issue was discussed at length in Pulaski County v. Arkansas Democrat GazetteInc., 370 Ark. 435, 260 S.W.3d 718 (2007) and Pulaski County v.Arkansas Democrat-Gazette, Inc.,371 Ark. 217, 264 S.W.3d 465 (2007).
As I have previously noted, my statutory mandate under A.C.A. § 25-19-105(c)(3)(A) and (B) is premised upon the assumption that the records in question are "public records." Op. Att'y Gen. 2008-095 (noting that this subsection presumes that the records are "personnel or evaluation records," and thus necessarily "public records," and that the Attorney General's duty appears restricted to opining on whether the custodian's decision as to the exemption of records is consistent with the FOIA.) Clearly, not all records authored by public employees are properly classified as "personnel records" for purposes of my statutory duty. But I must assume for purposes of this opinion that each of the records you have provided in fact meets the definition of a "public record." This opinion therefore does not address the possible threshold issue of whether the presumptive "public record" status of any of these records might be rebutted. You may wish to refer to the above-reference cases for guidance on that issue.
[3] With regard, specifically, to the hand-written letter dated March 6, 2009, this assumes that such letter in fact meets the definition of a "public record." As noted above, (n. 2, supra), I can only opine regarding theexemption of this document. Assuming the letter's "public record" status, I believe it clearly falls under A.C.A § 25-19-105(b)(12) as a "personnel record."